IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIN DEMETRIS PEACOCK, #187 315, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-401-WKW ) [WO] |
| JEFFERSON S. DUNN, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, alleging deliberate indifference to his medical needs. Pending before the court is Plaintiff's request for a preliminary injunction seeking to enjoin alleged abuse and harassment by hostile nurses, improper administration of prescribed medication, denial or delay of evaluation for an MRI, and non-wheelchair accessible transport for specialist visits. Doc. 1 at 12–13. Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction. Doc. 24. Upon consideration of Plaintiff's motion for preliminary injunction and Defendants' response, the court concludes that the motion for preliminary injunction is due to be denied.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court... ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may

cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

The medical defendants submitted affidavits from Dr. Siddiq and Nurses Kraul, Crawford, and Jarrett with excerpts from Plaintiff's medical records. Docs. 12-1, 12-2. In their affidavits, these defendants describe their interactions with and the medical treatment provided to Plaintiff including administration of his medication, his evaluation for an MRI, and vehicle transport for Plaintiff as a non-ambulatory inmate. Dr. Siddiq states that previously Plaintiff had an appointment with an outside medical specialist for an MRI regarding his medical complaints, but the appointment had to be rescheduled because of the Coronavirus pandemic. He indicates that medical personnel are currently in the process of making Plaintiff an appointment to be seen by an

outside medical specialist for an MRI. Dr. Siddiq states, however, that Plaintiff initially refused to go to an earlier scheduled appointment for a pre-screening MRI because the Alabama Department of Corrections did not have a wheelchair accessible vehicle, which necessitated arrangements for a van to transport Plaintiff to his medical appointment. It was at that time that the appointment for the pre-MRI screening had to be rescheduled due to COVID-19 issues. Dr. Siddiq indicates that he and the healthcare staff at Bullock have seen Plaintiff regularly and at no time have his necessary medical needs been denied or delayed. Doc. 24-1.

Regarding Plaintiff's allegation that medical staff harass Plaintiff and act unprofessionally in dispensing his medication, the medical defendants maintain that Plaintiff has never been denied the appropriate dosage of his prescribed medication. Further, the medical defendants represent that Plaintiff has exhibited disrespectful behavior at pill call, including being physically abusive to the nurses and snatching his medication out of their hands. Doc. 24-1 at 6–21; Doc. 24-2, Doc. 24-3.

Defendants argue that Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim for inadequate medical care. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity

for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir. 2000) (*citing Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds by, Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003).

Assuming *arguendo* that Plaintiff suffers from a serious medical condition, Defendants' evidence so far reflects that he has received timely, appropriate, attentive, and adequate medical treatment from prison healthcare staff. Defendants affirm that Plaintiff's requests for medical treatment have not been ignored, neglected, or delayed nor have any medical providers interfered with Plaintiff's ability to receive necessary medication, medical care, or medical treatment.

Accordingly, the medical treatment provided to Plaintiff does not, at this stage of the proceedings, reflect deliberate indifference. To the extent that there exists a difference of opinion on the provision of medical care, such a difference will seldom rise to the level of a constitutional violation and, based on the records filed so far, does not do so here. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth

Amendment."). Thus, as to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Plaintiff has failed to show a substantial likelihood of success on the merits, and his motion for preliminary injunction is due to denied for this reason alone. Further, Plaintiff has failed to allege there is a substantial threat he will suffer irreparable injury if the injunction is not granted. *See generally Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). The court also cannot conclude that any threatened injury outweighs the potential damage that the requested injunction may cause by constraining the ability of medical personnel to exercise their professional judgment concerning the appropriate manner in which to provide medical treatment to an inmate who asks, without apparent medical training of his own, for a different course of treatment. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Plaintiff has therefore failed to meet his burden of demonstrating the existence of each element necessary to warrant the issuance of preliminary injunctive relief.

For these reasons, a preliminary injunction is not warranted.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 1) be DENIED; and

2. This case be referred to the undersigned for additional proceedings.

**On or before November 19, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 4th day of November, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge