IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KELVIN DEMETRIS PEACOCK,** **AIS 187315,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 2:20-cv-401-WKW-CWB ) |
| **JEFFERSON DUNN, et al.,** | ) ) |
| **Defendants.** | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Kelvin Peacock, *pro se,* commenced this action on June 12, 2020. (Doc. 1). The court entered an Order of Procedure on August 28, 2020 that among other things directed Plaintiff to promptly submit notice of any change in his address. (Doc. 7 at p. 3, ¶ 7). The Order further warned Plaintiff that a failure to do so would result in the dismissal of this action. (*Id.*). The docket confirms that the Order of Procedure was received by Plaintiff.

Notwithstanding its prior admonition, and despite having received no notice from Plaintiff, the court recently determined that Plaintiff is no longer residing at his service address on record.[1] Accordingly, by Order entered February 22, 2023, Plaintiff was directed to notify the court of his current address or show cause why this action should not be dismissed. (Doc. 49). The February 22, 2023, Order specifically informed Plaintiff that the administration of this action could not proceed if his whereabouts remained unknown and cautioned Plaintiff that a failure to respond timely would result in dismissal. (*Id*). Yet the deadline for Plaintiff to respond has now expired.

---

[1] The last service address provided by Plaintiff was the Kilby Correctional Facility. (Doc. 47). However, a search of the inmate database maintained by the Alabama Department of Corrections reflects that Plaintiff is no longer being held at that facility. *See* http://doc.state.al.us/InmateSearch (last visited March 23, 2023).

1

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id. See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned).

Considering Plaintiff's willful failure to abide by the court's prior Orders, the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. The undersigned therefore **RECOMMENDS** that this action be dismissed without prejudice.

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court not later than **April 7, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to

factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 24th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**